IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PETITIONER'S** |
| | ) | **MOTION TO REVIEW SENTENCE** |
| vs. | ) | **AND, IN THE ALTERNATIVE, WRIT** |
| | ) | **OF AUDITA QUERELA** |
| Walter James Weddell, | ) | |
| | ) | Case No. C1-76-47 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Walter James Weddell, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-mc-002 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is petitioner Walter James Weddell's pro se pleading entitled "Defendant's Motion to Review Sentence and, in the Alternative, Writ of Audita Querela" filed on February 11, 2008. See Docket No. 3. Weddell was convicted by a jury on two counts of second degree murder and, on February 4, 1977, was sentenced to a 25-year term of imprisonment. United States v. Weddell, 567 F.2d 767, 768 (8th Cir. 1977). The charges arose from an incident in a bar in which Weddell shot and killed two people. Weddell was sentenced under 18 U.S.C. § 4205(b)(2) (repealed) which made him eligible for release on parole at any time.[1] See Docket No. 5-4, p. 5.

---

[1] The parole statutes, 18 U.S.C. §§4201-4218 (repealed), applied to crimes committed before November 1, 1987. Pursuant to Section 235 of the Sentencing Reform Act, Pub. L. 98-473, which became effective November 1, 1987, Congress intended to abolish the Parole Commission and repealed most statutes providing for parole. Walden v. United States Parole Comm'n, 114 F.3d 1136, 1138 (11th Cir. 1997). However, the Parole Commission has been extended several times for those prisoners who are still under the "old law."

Weddell was given a presumptive parole date of November 17, 1981. See Docket Nos. 5-2, 5-3, and 5-4 at ¶8[2].[2] Prior to being paroled, Weddell was placed in a community treatment center (CTC). See Docket No. 5-4 at ¶6. On October 20, 1981, Weddell failed to return to the CTC. As a result, the Parole Commission rescinded Weddell's parole date and ordered that a rescission hearing be scheduled for when he was returned to federal custody. See Docket No. 5-5.

Weddell was arrested in South Dakota in May of 1982 and convicted of first degree manslaughter in South Dakota state court. Weddell was sentenced on the state charge to a 65-year term of imprisonment. See Docket No. 5-4 at ¶7, and Docket No. 5-6. After serving approximately ten years on the state charge, Weddell was released from state custody and returned to federal custody on July 18, 2003. See Docket No. 5-4 at ¶ 7.

Upon Weddell's return to federal custody, the Parole Commission rescinded his parole date of November 17, 1981, and continued him to the expiration of his sentence, requiring him to serve an additional 396 months. See Docket No. 5-7. Further, the Bureau of Prisons (BOP) placed Weddell on "inoperative time"[3] and he did not receive credit toward his sentence for the period after he failed to return to the CTC until his return to federal custody (October 21, 1981 to July 17, 2003), a total of 7,940 days. See Docket No. 5-4 at ¶¶8[1]-[2]. Weddell now has a projected release date from federal custody of October 1, 2014. See Docket No. 5-4 at ¶10.

---

[2] Docket No. 5-4 is a declaration of C.A. Pauley, a policy and correspondence specialist, and contains two paragraphs numbered "8." Those paragraphs will be referred to as ¶8[1] and ¶8[2].

[3] According to BOP Program Statement 5880.30, Ch. V, §§ 1 and 2, "inoperative time" occurs when a sentence that has commenced stops running under certain circumstances including escape. See Docket No. 5-9.

Weddell unsuccessfully sought relief through the administrative remedy process within the BOP. See Docket No. 5-8. Weddell requests that the Court review his sentence and issue a writ of audita querela reducing his sentence by the 7,940 days for which he did not receive credit.

In his current motion, Weddell argues that the BOP erred when it put him on inoperative status and failed to give him credit toward his sentence for the 7,940 days he was on "inoperative time" from October 21, 1981, through July 17, 2003. Weddell seeks relief through a motion to review his sentence and the issuance of a writ of audita querela.

As this Court has previously stated:

> *Audita querela*, Latin for "the complaint having been heard," is a common law writ of error dating back to the early part of the 14th century. See BLACK'S LAW DICTIONARY 141 (8th Ed. 2004). At common law, the writ allowed a judgment debtor to obtain equitable relief from a judgment based upon some defense or discharge available after the entry of judgment. Id. The writ of *audita querela*, and its counterpart the writ of *corim nobis*, have been expressly abolished in civil cases by Rule 60(b) of the Federal Rules of Civil Procedure. However, these common law writs potentially survive in the federal criminal context based upon the United States Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954), and the All Writs Act. Both writs are available only to the extent that they "fill gaps" in the current system of federal post-conviction relief. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2000).

Corral v. United States, 436 F. Supp. 2d 1045, 1046 (D.N.D. 2006). Such relief is "probably available whe there is a legal objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (emphasis added). It is clear that audita querela relief is not available when other post-conviction remedies exist. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007); United States v. Holt, 417 F.3d 1172, 1174-1175 (11th Cir. 2005); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).

Weddell argues that no other post-conviction relief is available to him and, therefore, a writ of audita querela is the appropriate means for relief. The Government argues, and Weddell concedes, that he is not challenging the legality of his sentence and therefore no relief is available to him under 28 U.S.C. § 2255. Further, Weddell adopts the facts set forth in the Government's response but disagrees with the Government's legal argument.

The Government contends that the a habeaus corpus petition under 28 U.S.C. § 2241 is the available avenue of relief for Weddell's claim that the Bureau of Prisons incorrectly calculated his sentence. An attack on the Bureau of Prisons' computation of a sentence is an attack on the execution of the sentence. United States v. Luck, 664, F.2d 311, 312, 313 (D.C. Cir. 1981); Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006). In his motion, Weddell contends that his sentence has been unconstitutionally extended because he was placed on "inoperative time" and did not receive credit toward his sentence from October 21, 1981, through July 17, 2003. In his reply brief, Weddell contends that a habeas corpus petition under 28 U.S.C. § 2241 is not available to him "because the defendant cannot claim a right to release because parole is not an exclusive right, unless the paroling statute contains mandatory language commanding that the parole authorities shall, will or must release a parole candidate if certain conditions are met, see Hewitt v. Helm, 459 U.S. 460, 471 (1983) (discussing liberty interest in parole...), and, defendant is currently faced with a state detainer which makes release highly improbable." See Docket No. 7 (errors in original).

The Court finds that, contrary to Weddell's latest argument, Weddell is not claiming a right to release pursuant to parole rights. The Court finds Weddell's argument inapposite in that Weddell is challenging the calculation of his federal sentence -- a challenge that should be brought under 28 U.S.C. § 2241.

4

It is well-settled that challenges to the execution of a sentence are to be brought in a habeas corpus petition under 28 U.S.C. § 2241 in the district of incarceration against the inmate's custodian, not the district of sentencing.  Matheny v. Morrison, 307 F.3d 709, 711-712 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042, 1043-1044 (8th Cir. 1995); Neary v. United States, 998 F.2d 563, 564 n.1 (8th Cir. 1993); United States v. Hutchings, 835 F.2d 185 (8th Cir. 1987).  An inmate seeking credit against his sentence may also file in the district in which the BOP has a regional office.  United States v. Chappel, 208 F.3d 1069, 1069-1070 (8th Cir. 2000).  Weddell is incarcerated at the United States Penitentiary in Terre Haute, Indiana.  In addition, there is no regional office of the BOP in North Dakota.  Therefore, the Court finds that it lacks jurisdiction over Weddell's motion.

Even if this Court had jurisdiction over Weddell's claim, the claim would fail.  The law clearly provides that an inmate's escape tolls the sentence and an inmate is not entitled to credit toward his sentence while absent on escape status.  United States v. Luck, 664 F.2d 311, 312 (D.C. Cir. 1981); BOP Program Statement 5880.30, Ch. V, §§ 1 and 2 (Docket No. 5-9).  A federal prisoner's sentence is tolled by his escape even if he is in the custody of state authorities under a criminal charge unrelated to the federal offense.  Luck, 664 F.2d at 312.

The Court expressly finds that it lacks jurisdiction over Weddell's motion attacking the execution of his sentence.  The Court **ORDERS** that Weddell's "Motion to Review Sentence and, in the Alternative, Writ of Audita Querela" (Docket No. 3) be **DISMISSED**.

**IT IS SO ORDERED**

Dated this 17th day of June, 2008.

                                                 */s/ Daniel L. Hovland*
                                                 Daniel L. Hovland, Chief Judge
                                                 United States District Court